IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES FISH & WILDLIFE SERVICE, et al.,<br><br>Defendants. | CV 21–144–M–DWM<br><br>ORDER |

The Safari Club International, the National Rifle Association of America, the Sportsmen's Alliance Foundation, and the Rocky Mountain Elk Foundation (collectively, "the Hunting Coalition") have filed a motion to intervene as a matter of right in this action pursuant to Federal Rule of Civil Procedure 24(a) or, in the alternative, to intervene at the Court's discretion pursuant to Rule 24(b). (Doc. 12.) Finally, in the absence of appearing as intervenors, the Hunting Coalition seeks to appear as amici curiae. (*Id.*) Plaintiffs have filed nothing in opposition to the motion to intervene, and Defendants indicate that they do not oppose

1

intervention. (Doc. 13.) The case is currently stayed until April 8, 2022. (Doc. 11.) Ultimately, intervention is not warranted, and the Hunting Coalition's request to appear as amici curiae is also denied.

## I. Intervention as a Matter of Right

Intervention as of right under Rule 24(a) is appropriate when the party seeking to intervene demonstrates the following: (1) the application is timely; (2) the applicant has a significant protectable interest relating to the subject of the action; (3) the applicant's ability to protect its interest may be impaired or impeded by the disposition of the action; and (4) the existing parties may not adequately represent the applicant's interest. *See Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011). "While an applicant seeking to intervene has the burden to show that these four elements are met, the requirements are broadly interpreted in favor of intervention." *Id.* The review of an application to intervene "is guided primarily by practical considerations, not technical distinctions." *Id.* (quotation marks omitted). The practical considerations of this case indicate that intervention as a matter of right is not appropriate.

On the first factor, timeliness, considerations include: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *W. Watersheds Project v.*

*Haaland*, 22 F.4th 828, 836 (9th Cir. 2022) (quotation marks omitted). Here, the motion to intervene is timely. No substantive developments have occurred in the case, and a briefing schedule has not yet been set.

But on the second factor, the Hunting Coalition has not shown that its asserted interest is "protectable under some law" and that "there is a relationship between the legally protected interest and the claims at issue." *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996) (quotation marks omitted). The Hunting Coalition asserts interests rooted in expanded hunting and fishing opportunities and access, and those interests are related to the Fish and Wildlife Service's 2020 rule that expanded hunting and fishing access across the United States. *See* 85 Fed. Reg. 54,076 (Aug. 31, 2020). But the mere possibility that this lawsuit could lead to eventual limitations on hunting and fishing opportunities and access—limitations that were long the status quo—is insufficient to satisfy the "direct, non-contingent, substantial and legally protectable interest required for intervention as a matter of right." *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002) (quotation marks omitted).

Additionally, the disposition of the action will not impair or impede the Hunting Coalition's ability to protect its asserted interests. If the Fish and Wildlife Service's 2020 rule is revoked, the Hunting Coalition will have the opportunity to weigh-in during any comment period concerning future hunting and fishing access

3

rulemaking. *See S.F. Baykeeper v. U.S. Fish & Wildlife Serv.*, 2021 WL 3426961, at *7 (N.D. Cal. Aug. 5, 2021). Because the test for intervention as of right under Rule 24(a) is conjunctive and the Hunting Coalition fails to meet the second and third elements, the Hunting Coalition will not be permitted to intervene as of right.

## II. Intervention as a Matter of Discretion

Under Rule 24(b), an applicant-intervenor may be granted permissive intervention where that applicant has a claim or defense that shares with the main action a common question of law or fact. Essentially, intervention as a matter of discretion requires "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011) (quotation marks omitted). "Rule 24(b)(3) also *requires* that the court 'consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.'" *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 955 (9th Cir. 2009) (quoting Fed. R. Civ. P. 24(b)(3)). In addition, where these mandatory criteria are met, "the court may also consider other factors in the exercise of its discretion, including the nature and extent of the intervenors' interest and whether the intervenors' interests are adequately represented by other parties." *Id.* (quotation marks omitted).

Here, the first requirement is satisfied because this case rests on federal question jurisdiction and the Hunting Coalition does not seek to bring any new state-law claims. *See Freedom from Religion Found.*, 644 F.3d at 844 ("Where the proposed intervenor in a federal-question case brings no new claims, the jurisdictional concern drops away."). As for the second element, for the reasons stated above, the motion is timely. Finally, the Hunting Coalition likely raises common questions of law or fact with the main case as their position is directly opposed to the position taken by Plaintiff.

Nevertheless, the Hunting Coalition has not demonstrated that Defendants are "incapable or unwilling to make all available arguments in support of their common objectives, or that [they] will contribute some element necessary to the adjudication of this case that would otherwise be omitted." *S.F. Baykeepers*, 2021 WL 3426961, at *7 (quotation marks omitted). First, while Defendants have agreed to discuss settlement with Plaintiff, it is not certain that such settlement will occur, and Defendants have not given any indication that they would not raise the jurisdictional or merits-based defenses with which the Hunting Coalition is concerned. Second, while the Hunting Coalition emphasizes that it "has extensive experience with [environmental] litigation and defending the unique interests and perspectives of hunting as a management tool and heritage pastime," (Doc. 13 at 32), Defendants are also steeped in experience with this type of case.

Consequently, the Hunting Coalition does not contribute some "element necessary to the adjudication of this case that would otherwise be omitted" if it is not allowed to intervene. Thus, the Hunting Coalition is not permitted to intervene as a matter of discretion.

### III. Amici Curiae

As a final alternative, the Hunting Coalition asks that each organization be granted amicus curiae status because this a "case of general interest" and the Hunting Coalition organizations "represent the interests of the hunter and angler conservationists who participate in hunting and fishing activities on the challenged Refuges." (Doc. 13 at 33–34.) The district court has the discretion to determine whether to grant an amicus request. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982) *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

Here, Plaintiff brings record-based challenges under the Endangered Species Act (Claim I) and the National Environmental Policy Act (Claim II). (Doc. 1 at ¶¶ 133–146, 147–155.) Because of the nature of these record-based challenges, the review of Plaintiff's claims is limited to the administrative record. As a result, any arguments from the Hunting Coalition concerning the propriety or necessity of hunting and fishing access and opportunities is irrelevant to the extent it falls outside the administrative record. Therefore, the request for leave to participate as amici curiae is denied.

Based on the above, IT IS ORDERED that the Hunting Coalition's motion to intervene, (Doc. 12), is DENIED.

DATED this 6th day of April, 2022.

_____
Donald W. Molloy, District Judge
United States District Court