TODD KIM, Assistant Attorney General
SETH M. BARSKY, Deputy Assistant Attorney General
S. JAY GOVINDAN, Section Chief
KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
(202) 307-6623 (tel)
(202) 305-0275 (fax)
kaitlyn.poirier@usdoj.gov

Attorneys for Federal Defendants

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### MISSOULA DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, | |
| Plaintiff, | |
| v. | Case No: 9:21-cv-00144-DWM |
| U.S. FISH AND WILDLIFE SERVICE; MARTHA WILLIAMS, in her official capacity as Director of the U.S. Fish and Wildlife Service; U.S. DEPARTMENT OF THE INTERIOR; and DEBRA HAALAND, in her official capacity as Secretary of the U.S. Department of the Interior, | STIPULATED SETTLEMENT AGREEMENT REGARDING ATTORNEYS' FEES, EXPENSES, AND COSTS OF LITIGATION |
| Defendants. | |

This Stipulated Settlement Agreement ("Agreement") is entered into by and between Plaintiff Center for Biological Diversity and Defendants the U.S. Fish and Wildlife Service ("Service"); Martha Williams, in her official capacity as Director of the Service; the U.S. Department of the Interior; and Debra Haaland, in her official capacity as Secretary of the U.S. Department of the Interior (collectively, "the parties"). In support of this Agreement, the parties state as follows:

WHEREAS, the National Wildlife Refuge System Administration Act, as amended by the National Wildlife Refuge System Improvement Act, states that the Secretary of the Interior, through the Service, is responsible for administering the National Wildlife Refuge System. 16 U.S.C. § 668dd(a)(1). The Service can "permit the use of any area within the System for any purpose, including but not limited to hunting, fishing, public recreation and accommodations, and access whenever [it] determines that such uses are compatible with the major purposes for which such areas were established." *Id.* § 668dd(d)(1). The Service can also issue regulations to administer the Act. *Id.* § 668dd(b)(5).

WHEREAS, the Service has issued regulations stating whether certain wildlife refuges are open to the public for hunting and sport fishing, and if so, any rules that the public must comply with when hunting and sport fishing on the refuges. The Service issues rules annually stating any changes it is making to these regulations for the upcoming hunting and sport fishing seasons. Notwithstanding

2

these regulations, the Service retains the discretion to close or curtail certain uses, including hunting and sport fishing, on some or all portions of a refuge to protect the refuge's resources, including Endangered Species Act ("ESA") listed species. 50 C.F.R. § 25.21(e).

WHEREAS, on August 31, 2020, the Service issued a final rule specifying the modifications it made for the 2020-2021 hunting and sport fishing season ("2020 Rule"). 85 Fed. Reg. 54,076 (Aug. 31, 2020).

WHEREAS, Plaintiff filed a complaint in November 2021, alleging that the Service had violated the ESA by failing to adequately consider the impacts of hunting and/or sport fishing on certain ESA-listed species that can be found in, or near, the Swan River, Leslie Canyon, Laguna Atascosa, Everglades Headwaters, Kirwin, Patoka, and Lacreek National Wildlife Refuges. ECF 1. Plaintiff also alleged that the Service arbitrarily determined that the 2020 Rule would either have no effect, or would not likely adversely affect, certain ESA-listed species on or near these refuges. *Id.* In addition, Plaintiff alleged that the Service did not conduct an ESA consultation for the St. Marks National Wildlife Refuge, should have conducted a programmatic ESA consultation on the effects of the 2020 Rule on the entire National Wildlife Refuge System, and did not take a "hard look" at the impacts of lead usage on the refuges identified in the complaint in violation of the National Environmental Policy Act. *Id.*

WHEREAS, the parties filed a stipulated settlement agreement with the Court on November 23, 2022, resolving Plaintiff's substantive claims. ECF 28.

WHEREAS, the stipulated settlement agreement provides that Plaintiff reserves its right to request reasonable fees from Defendants and that if the parties are unable to settle Plaintiff's fee claim, Plaintiff will have 60 days from the Court's approval of the agreement to file a motion for fees. *Id.*

WHEREAS, on November 30, 2022, the Court entered an order adopting the parties' stipulated settlement agreement and dismissing the case with prejudice. ECF 29. However, the Court declined to retain jurisdiction over enforcement of the parties' agreement. *Id.*

WHEREAS, the parties, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiff's demand for attorneys' fees, expenses, and costs of litigation, have reached a settlement that they consider to be in the public interest and just, fair, adequate, and equitable;

WHEREAS, the parties believe it is in the interest of judicial economy and the parties' best interests to avoid litigation of the issue of attorneys' fees, expenses, and costs of litigation;

THEREFORE, the parties hereby stipulate and agree as follows:

1.      Defendants agree to settle Plaintiff's entire claim for attorneys' fees, expenses, and costs of litigation in the above-captioned matter for a total of $50,000.

2.      Plaintiff agrees to accept payment of $50,000 in full satisfaction of any and all claims for attorneys' fees, expenses, and costs of litigation incurred in the above-captioned matter, through and including the date of this Agreement.

3.      Plaintiff agrees that receipt of this payment of $50,000 shall operate as a release of any and all claims for attorneys' fees, expenses, and costs of litigation that it possesses against the United States, including each named Defendant, incurred in the above-captioned matter, through and including the date of this Agreement.

4.      Defendants' payment, as identified in Paragraph 1 above, shall be accomplished via electronic payment. Within ten (10) business days after the entry of an order approving this Agreement, Plaintiff agrees to provide Defendants' counsel with the following information necessary for Defendants to process the electronic transfer: (i) the payee's address; (ii) the payee's telephone number; (iii) the payee's bank account number; (iv) account type; (v) bank routing; (vi) transit number; and (vii) the payee's tax identification number.

5.      Defendant agrees to submit all necessary paperwork for the processing of the payment to the Department of the Treasury's Judgment Fund Office within 15 business days of the Court approving this agreement or Plaintiff providing the necessary information outlined in Paragraph 4, whichever is later.

5

6.      Plaintiff shall make its best effort to send written confirmation of the receipt of payment to Defendants' counsel within 7 days of receiving the payment.

7.      Plaintiff and Plaintiff's counsel agree to hold Defendants harmless in any litigation, further suit, or claim arising from the authorized transfer of the agreed-upon settlement amount.

8.      Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendants are obligated to pay any funds exceeding those available or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other law or regulation.

9.      This Agreement is executed solely for the purpose of compromising and settling Plaintiff's claim for attorneys' fees, expenses, and costs of litigation in the above-captioned matter. By this Agreement, Defendants do not waive any right to contest fees claimed by Plaintiff or Plaintiff's counsel, including hourly rates, in any future litigation or continuation of the above-captioned matter. Further, this Agreement has no precedential value in any other context and shall not be cited in any other litigation except as necessary to enforce the terms of this Agreement.

10.    The parties agree that this Agreement was negotiated in good faith and constitutes a settlement of claims for attorneys' fees, expenses, and costs of litigation that were vigorously contested, denied, and disputed by the parties. By entering into

this Agreement, the parties do not waive any future claim or defense except those expressly released in this Agreement.

11.    This Agreement represents the entirety of the parties' commitments with regard to settlement of attorneys' fees, expenses, and costs of litigation in the above-captioned matter. All previous understandings, agreements, and communications prior to the date hereof, whether express or implied, oral or written, relating to the subject matter of this Agreement, are extinguished and superseded by this Agreement. No modification of this Agreement shall be valid unless expressly consented to in writing by Plaintiff and Defendants.

12.    This Agreement shall apply to and be binding upon the parties, and upon Plaintiff's members, delegates, and assigns.

13.    The undersigned representatives of each party certify that they are fully authorized by the parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and to legally bind the parties represented to it.

14.    The terms of this Agreement shall become effective upon entry of an order by the Court approving this Agreement.

Dated: January 26, 2023

                     Respectfully submitted,

                     TODD KIM, Assistant Attorney General
                     SETH M. BARSKY, Deputy Assistant Attorney General
                     S. JAY GOVINDAN, Section Chief

*/s/ Kaitlyn Poirier*
KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
(202) 307-6623 (tel)
(202) 305-0275 (fax)
kaitlyn.poirier@usdoj.gov

Attorneys for Defendants

*/s/ Collette L. Adkins*
Collette L. Adkins
MN Bar No. 035059X
Center for Biological Diversity
P.O. Box 595
Circle Pines, MN 55014-0595
Tel: (651) 955-3821
cadkins@biologicaldiversity.org

*/s/ Camila Cossío*
Camila Cossío
OR Bar No. 191504
Center for Biological Diversity
P.O. Box 11374
Portland, OR 97211
Tel: (971) 717-6727
ccossio@biologicaldiversity.org

Attorneys for Plaintiff